**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREA CASTILLANOS RETANA, | No.   19-72153 |
| Petitioner, | Agency No. A202-131-045 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2021
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Andrea Castillanos Retana petitions for review of a Board of Immigration

Appeals (BIA) decision dismissing her appeal from an order of an immigration

judge (IJ) denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).  We grant Castillanos

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Retana's petition as to the denial of asylum and withholding of removal based on gang-related threats. We deny the petition as to the remainder of her claims.

**1.** The BIA's determination that Castillanos Retana failed to establish past persecution is not supported by substantial evidence. Although "unfulfilled threats, without more" generally do not establish past persecution, we have recognized that, in "a small category of cases," threats may be "so menacing" as to constitute past persecution on their own. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Castillanos Retana's encounter falls within this small category of cases. She was not merely threatened with death, as in some of our past cases. Rather, gang members delivered their threat in a face-to-face encounter with Castillanos Retana in which one gang member grabbed her arm and another pointed a gun at her head. That conduct was sufficiently menacing to rise to the level of persecution. *See Ruano v. Ashcroft*, 301 F.3d 1155, 1160–61 (9th Cir. 2002) (holding that threats constituted past persecution where petitioner was "closely confronted" by armed men). Castillanos Retana fled El Salvador just three days after the encounter and she did not leave her house in the intervening days. That the gang members did not follow through on their threat is of little probative value in assessing the threat's severity.

Because the BIA erred in finding that Castillanos Retana failed to establish past persecution, it did not apply the correct burden of proof in assessing her fear

of future persecution and the possibility of relocation. Castillanos Retana should have been afforded the presumption of a well-founded fear of future persecution and the government should have borne the burden of rebutting that presumption and demonstrating that relocation was reasonable. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (b)(1)(ii), 1208.16(b)(1)(i)(B), (b)(1)(ii). We therefore remand for the BIA to reconsider Castillanos Retana's eligibility for asylum and withholding of removal after affording the presumption and applying the correct burden of proof.

**2.** The BIA's decision upholding the IJ's denial of Castillanos Retana's asylum and withholding of removal claims based on the physical and sexual abuse she suffered as a child is supported by substantial evidence. The IJ properly concluded that Castillanos Retana failed to establish an objectively reasonable fear of future persecution based on this abuse because she is now an adult capable of living apart from her father and stepfather.

**3.** Substantial evidence also supports the BIA's conclusion that Castillanos Retana is not eligible for CAT protection. Generalized evidence that gang-related violence and violence toward women are common in El Salvador is insufficient to show that Castillanos Retana is "more likely than not" to be tortured if returned to El Salvador. *See* 8 C.F.R. § 1208.16(c)(2); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION FOR REVIEW GRANTED in part and DENIED in part;**

**CASE REMANDED.**

The parties shall bear their own costs.